COWART, Judge,
dissenting.
The defendant was convicted of lewd acts in the presence of children (§ 800.-04(3), Fla.Stat.). At the trial, the defendant objected when a screen was set up between himself and the child witnesses so that while the jury could see both the defendant and the child witnesses, the witnesses did not see the defendant and the defendant could not see the witnesses as they testified. The trial judge well understood that defense counsel objected to the use of the screen but merely noted defense counsel’s objection and permitted the screen to be used.[1] This case should be reversed on the authority of Coy v. Iowa, — U.S. —, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988). The State cannot prove beyond a reasonable doubt that the violation of the constitutional Sixth Amendment confrontational rights of this defendant did not contribute to the verdict and it cannot be ruled as a matter of law that there is no reasonable possibility that the error contributed to the defendant’s conviction. See Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) and State v. DiGuilio, 491 So.2d 1129 (Fla.1986).

. Portions of the trial record in this case (after a short recess), page 85:
THE COURT: Well, we've got the screen up, is there anything that you want me to say about it or just don’t mention it?
[[Image here]]
DEFENSE COUNSEL: Well, for the record, Your Honor, I would object to the use of it. I believe the Court's rationalization of where they used it in other trials, but I don’t know why they did.
THE COURT: ... [Y]our objection is noted. ...